UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | ) ) ) ) | Master File No. 2: 11-md-2226-DCR MDL Docket No. 2226 |
| *Gilbert v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-184-DCR |
| *Buch v. Xanodyne Pharm., Inc., et al.*, | ) | Civil Action No. 2: 11-324-DCR |
| *DeVine v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-327-DCR |
| *Shumaker v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-328-DCR |
| *Felts v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-329-DCR |
| *A. Smith v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-330-DCR |
| *M. Turner v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-331-DCR |
| *Hollins v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-332-DCR |
| *Lewis-Crossno v. Eli Lilly and Co., et al.*, | ) | Civil Action No. 2: 11-335-DCR |
| *Brookins, et al., v. Eli Lilly and Co., et al.*, | ) | Civil Action No. 2: 11-337-DCR |
| *Hect v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-339-DCR |
| *Hawthorne v. Eli Lilly and Co., et al.*, | ) | Civil Action No. 2: 11-346-DCR |
| *Holland v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-348-DCR |
| *D. Jones v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-349-DCR |
| *McAlpine v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-351-DCR |
| *Parker v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-353-DCR |
| *Wagers v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-355-DCR |
| *Aga v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-356-DCR |
| *Anderson, et al., v. Eli Lilly and Co., et al.*, | ) | Civil Action No. 2: 11-363-DCR |
| *D. Felty v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-364-DCR |
| *Ballard v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-365-DCR |
| *Reynolds v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-368-DCR |
| *S. Wilson v. Eli Lilly and Company., et al.*, | ) | Civil Action No. 2: 11-369-DCR |
| *Marler v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-375-DCR |
| *Salard v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-376-DCR |
| *T. Wilson v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-377-DCR |
| *K. Felty v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-378-DCR |
| *G. Boyd v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-381-DCR |
| *Atwell v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-384-DCR |
| *Combs v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 11-394-DCR |
| *Bell v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 12-42-DCR |
| *Vance v. Eli Lilly and Company, et al.*, | ) | Civil Action No. 2: 12-48-DCR |
| *Fisher-Smith v. Eli Lilly and Co., et al.*, | ) | Civil Action No. 2: 12-64-DCR |

| | |
|---|---|
| *Linville v. Eli Lilly and Company, et al.*, ) | Civil Action No. 2: 12-65-DCR |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

**MEMORANDUM ORDER REGARDING DEFENDANT ELI LILLY AND COMPANY'S SECOND MASTER MOTION FOR JUDGMENT ON THE PLEADINGS IN 34 CASES**

\*\*\* \*\*\* \*\*\* \*\*\*

On March 7, 2012, the Court granted Defendant Eli Lilly and Company's ("Lilly") master motion to dismiss the claims asserted against it in several cases. [MDL Record No. 1402] Dismissal was based on the plaintiffs' failure to properly identify Lilly as the entity that marketed, sold, or manufactured the propoxyphene products the plaintiffs claimed to have ingested. Further, the allegations in the subject cases did not allow the Court to draw reasonable inferences that Lilly was liable for the misconduct alleged. [*Id.*, at pp. 6-11] Lilly has since filed a second master motion for judgment on the pleadings.[1] [MDL Record No. 1537] For the reasons explained below, the motion will be granted, in part.

As the Court has explained previously, the analysis is the same for motions brought under Rule 12(b)(6) and Rule 12(c). [MDL Record No. 1402, p. 4 (citing *Equal Emp't Opportunity Comm'n v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001))] When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges

---

[1] This motion was originally filed in sixty-five cases. The motion was denied as moot in two cases due to the parties' stipulated dismissal. [MDL Record Nos. 1663, 1746] Lilly also withdrew the motion in a total of forty-six actions. [MDL Record Nos. 1749, 1768] The motion was reinstated in the above-captioned cases on June 19, 2012. [MDL Record No. 1958] The motion was also reinstated in *McPhail v. Xanodyne Pharmaceuticals, Inc., et al.*, Civil Action No. 2: 12-11-DCR, but it was denied as moot after the claims against Lilly were dismissed pursuant to the parties' Joint Stipulation of Dismissal with Prejudice. [MDL Record No. 1964; *See* MDL Record No. 1825]

-2-

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

Lilly seeks dismissal of all the claims against it in these actions. The Court has previously determined that the states implicated in the current motion — Georgia, Kentucky, Louisiana, Michigan, Mississippi, Missouri, Ohio, Oklahoma, Pennsylvania, Tennessee, and Texas — require a plaintiff to allege sufficient facts to allow the reasonable inference that the injury-causing product was sold, manufactured, or distributed by the defendant. [MDL Record No. 1274, p. 5 n.2; MDL Record No. 1402, p. 5 n.5] Therefore, Lilly refers to the relevant language of the Court's March 5 and 7, 2012 Memorandum Opinions and Orders, for its conclusion that "it is well-settled law [in these states] that a 'threshold requirement of any products-liability claim is that the plaintiff assert that the defendant's product caused the plaintiff's injury.'" [MDL Record No. 1402 (quoting *Smith v. Wyeth*, 657 F.3d 420, 423 (6th Cir. 2011))] At pages 5 through 22 of its supporting memorandum, Lilly outlines the

deficiencies in the plaintiffs' various complaints.[2] It asserts that these plaintiffs have "failed to plead sufficient facts to support a plausible claim that they ingested products manufactured or sold by Lilly." [MDL Record No. 1537-2, p. 22]

In their response, the plaintiffs argue that this motion should be held in abeyance pending certification to the highest state courts of Georgia, Louisiana, Maryland, Michigan, and Ohio. [MDL Record No. 1993, p. 2] Because the Court has denied the plaintiffs' motions to certify, this argument is without merit. [*See* MDL Record Nos. 1723, 1953, 1996] The plaintiffs incorporate by reference the arguments contained in their Consolidated Opposition to Defendant Eli Lilly and Company's Master Motion to Dismiss. [*See* MDL Record No. 635] They also incorporate by reference their arguments on state law requirements for products liability actions from their various oppositions to motions filed by Defendant Xanodyne Pharmaceuticals, Inc. [MDL Record Nos. 908, 909, 914] These arguments were previously rejected by the Court.

The plaintiffs make specific arguments concerning product identification in several cases. The plaintiffs identify three cases in which certain plaintiffs "have obtained written records confirming that they ingested propoxyphene pain products sold by Mylan": *Ballard v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-365-DCR; *G. Boyd v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-381-DCR; and *Combs v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-394-DCR. [MDL Record No. 1993, p. 5] They assert that, because the complaints allege

---

2   The complaints in the following four cases were amended after Lilly withdrew its original motion: *Buch v. Xanodyne Pharmaceuticals, Inc., et al.*, Civil Action No. 2: 11-324-DCR; *D. Felty v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-364-DCR; *K. Felty v. Eli Lilly and Company, et al.*, Civil Action No. 11-378-DCR; and *Marler v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-375-DCR. Lilly summarizes the relevant allegations of these four amended complaints in its reply. [MDL Record No. 2033, pp. 4-6]

that "Lilly manufactured at least some Mylan products," this is sufficient to state a claim upon which relief may be granted. [*Id.*] However, the Court has previously rejected the argument that Lilly can be held liable to plaintiffs who ingested products sold by Mylan Pharmaceuticals. [MDL Record No. 2054, pp. 7-9] Therefore, the claims in *Ballard*, *G. Boyd*, and *Combs* will be dismissed.

The plaintiffs also argue that certain plaintiffs in five cases — *D. Felty v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-364-DCR; *Ballard v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-365-DCR; *K. Felty v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-378-DCR; *G. Boyd v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-381-DCR; and *Atwell v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-384-DCR — "have confirmed that they ingested products sold by AAI and/or Xanodyne."[3] [MDL Record No. 1993, p. 5] Because they allege that "both AAI and Xanodyne sold products manufactured by Lilly," the plaintiffs maintain that they have stated a claim against Lilly in these actions. [*Id.*] The Court has already determined that such allegations are too speculative to state a plausible claim because, they establish only a "mere possibility that the medicine used could have been made" by Lilly. [MDL Record No. 1402, p. 14 (internal quotation marks omitted)]

Finally, the plaintiffs assert that Lilly's motion should be denied in *Marler v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-375-DCR, because the amended complaint "specifically

---

3    Only two of these plaintiffs' complaints actually allege the ingestion of propoxyphene products sold by AAI or Xanodyne: Dollene and Kenneth Felty. [*See* Civil Action No. 2: 11-364-DCR, Record No. 93 ¶¶ 9-10] The plaintiffs in the other actions attempt to use information outside the pleadings to fulfill the product identification requirement. This is an approach that has previously been rejected by this Court. [MDL Record No. 1402, p. 5 (citing *Maiden v. N. Am. Stainless*, 183 F. App'x 485, 487 (6th Cir. 2005))]

alleged . . . that [Marler] ingested propoxyphene pain products that were made by Lilly." [MDL Record No. 1993, p. 5]  Indeed, on May 7, 2012, Marler amended his complaint to include the following allegations:

> The propoxyphene containing medications Plaintiff took include Propoxyphene-N100 w/APAP made by Qualitest and Propoxyh-Acetaminophen with an NDC number of 00093049005 and made by Teva.  Plaintiff took Darvon in 1968 while in the USMC, and was later given Darvon by Veteran's Administration in Houston, Texas in 1970, and continued to take propoxyphene containing medications into the 1980's.  Plaintiff took Darvon continuously until at least 1971 and periodically into the 1980's.  Plaintiff again took propoxyphene containing medications from around 2005 until it was taken off the market. The Darvon Plaintiff took was made by Eli Lilly and Company.

[MDL Record No. 1796 ¶ 8]  Lilly asserts that this paragraph is in "direct opposition to . . . Paragraph 10" of the amended complaint, which states that Marler "'cannot determine the Defendant and/or other entity that manufactured, marketed, distributed, and/or tested the particular Propoxyphene Product that caused [his] harm.'"  [MDL Record No. 2033, p. 8 (quoting Civil Action No. 2: 11-375, Record No. 1 ¶ 10)]  Lilly maintains that these allegations "render each other meaningless" and, therefore, urges the Court to dismiss Marler's amended complaint.  [*Id.*]

Marler alleges that he ingested Darvon from 1968 until some time in the 1980s.  He also alleges that the Darvon was manufactured and sold by Lilly during that time.  This assertion is consistent with the fact that Lilly held the NDA for the brand-name drug Darvon until 2002.  [MDL Record No. 1402, p. 6]  The fact that the amended complaint admits that the exact cause of his injury is unknown at this time is not dispositive.  Marler is not required to prove definitively that Lilly's product injured him at the pleading stage.  Rather, he must aver a

plausible claim that Lilly is responsible for the injury he incurred. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Here, Marler has alleged that he ingested a Lilly product periodically for more than a decade. This is more than sufficient to allow the Court to reasonably infer that Lilly's product at least contributed to his alleged injuries. Marler has pleaded "sufficient factual matter, accepted as true," to show more than a "sheer possibility" that Lilly is liable for his injury. *Id.* Lilly's motion will be denied in *Marler*.

The plaintiffs also contend that records are being gathered in eight cases which should confirm whether Lilly manufactured the products allegedly ingested. They argue that it would be unjust to summarily dismiss their claims with prejudice if records subsequently reveal that some of the plaintiffs in these cases did, in fact, ingest a product manufactured by Lilly. Thus, they request an abeyance — or, in the alternative, dismissal without prejudice — in these eight cases. [MDL Record No. 1993, pp. 6-7] Pursuant to the Agreed Order entered on May 4, 2012 [MDL Record No. 1792], the plaintiffs in each of the above-captioned cases have been given an adequate opportunity to amend their complaints, but the plaintiffs in every case (except *Buch*, *D. Felty*, *K. Felty*, and *Marler*) chose not to do so. Because the time to amend has now passed, dismissal with prejudice is proper in these cases.

Accordingly, based on the above discussion, and for the reasons outlined in the Memorandum Opinions and Orders filed on March 7, 2012 and July 30, 2012 [MDL Record Nos. 1402, 2054], it is hereby

**ORDERED** as follows:

1. To the extent that the plaintiffs' consolidated opposition to Lilly's motion is construed as a motion to continue or a motion to hold the Court's ruling in abeyance, those requests and/or motions are **DENIED**.

2. Defendant Eli Lilly and Company's Second Master Motion for Judgment on the Pleadings [MDL Record No. 1537] is **DENIED** with regard to *Marler v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-375-DCR. The motion is **GRANTED** in the remaining above-captioned cases.

3. With the exception of *Marler v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-375-DCR, the claims asserted by the plaintiffs against Defendant Eli Lilly and Company in the above-captioned cases are **DISMISSED**, with prejudice.

This 2nd day of August, 2012.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge